**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 05a0630n.06
Filed: July 27, 2005

**No. 04-5682**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| KEITH L. RONE, | ) | WESTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: ROGERS and SUTTON, Circuit Judges; ROSEN, District Judge.[*]

SUTTON, Circuit Judge. Keith Rone challenges the sentence imposed on him by the district court following his guilty plea for possession of cocaine base in violation of 21 U.S.C. § 841(a)(1), arguing that the district court misapplied the career-offender provision and wrongly failed to give him a substantial-assistance reduction. Rone also argues that the district court committed plain error in sentencing him under the mandatory Guidelines system. *See United States v. Booker*, 125 S. Ct. 738 (2005). We affirm the district court's application of the Guidelines, but vacate and remand the case for resentencing consistent with *Booker*.

---

[*]The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

I.

On October 9, 2002, a Memphis police officer spotted a Chevrolet Suburban matching the description of a stolen vehicle. The officer followed the car, apparently prompting its driver, Keith Rone, to pull over to the side of the road. After the officer pulled up behind the car, Rone exited his vehicle and acknowledged that he had a "bad tag." JA 39. When Rone admitted that his driver's license was suspended as well, the officer arrested Rone for driving on a suspended license. The officer searched Rone incident to his arrest and found $1,300 in "cross-folded" bills, a technique for separating money into set amounts that the officer described as consistent with drug dealing. JA 39. During an inventory search of Rone's vehicle, the officer and his partner found a pill bottle containing 30.7 grams of cocaine base and a knotted sandwich bag containing 4.2 grams of powder cocaine, both in the driver's area of the vehicle.

On October 17, 2003, Rone pleaded guilty to one count of possessing cocaine base with the intent to distribute it in violation of 21 U.S.C. § 841(a)(1). In the plea agreement, the government agreed to recommend an offense-level reduction for acceptance of responsibility and to recommend a sentence at the low end of the applicable Guidelines range. At Rone's sentencing hearing on April 28, 2004, the district court determined that Rone was a career offender, *see* § 4B1.1(a), because Rone had seven qualifying past convictions, including three 1993 convictions for attempted drug sales. The court then accepted the government's recommendation for a three-level reduction for acceptance of responsibility, resulting in an offense level of 31. When combined with a criminal history category of VI, this offense level yielded a sentencing range of 188 to 235 months.

Accepting the government's recommendation to sentence Rone at the low end of the Guidelines range, the district court sentenced him to a 188-month prison term.

II.

Through a supplemental pro se brief, Rone challenges the district court's application of the Guidelines to his conduct. He first argues that his 1993 attempted-drug-sale convictions do not qualify as "controlled substance offense[s]" under the career-offender enhancement, *see* U.S.S.G. § 4B1.1, because the definition of that phrase does not include uncompleted offenses. The commentary to the Guidelines, however, specifically provides that the definition of controlled substance offense "include[s] the offenses of aiding and abetting, conspiring, *and attempting to commit such offenses*." U.S.S.G. § 4B1.2 cmt. 1; *see United States v. Dolt*, 27 F.3d 235, 237 (6th Cir. 1994) (citing the comment).

Rone next argues that because two of his state drug-offense convictions concerned less than .5 grams of a controlled substance and did not result in incarceration, they cannot be included in the career-offender calculation. However, even if Rone could show that these two convictions should not have been included, an issue we need not decide, he is left with five other qualifying convictions, any two of which would suffice to label him a career offender. *See* § 4B1.1(a).

Rone next argues that the government "breached" the plea agreement in "bad faith," Rone Pro Se Br. at 10, because it failed to move for a sentence reduction for substantial assistance under § 5K1.1. In support of this contention, Rone points out that he has provided information to the

authorities that led to the arrest of a murder suspect and members of a drug-smuggling ring at the West Tennessee Detention Facility. But even if that assertion is true, the plea agreement does not include any promise by the government to move for such a sentencing reduction. The government did promise to move for a reduction for acceptance of responsibility—which it did—and to recommend a sentence at the low end of the applicable Guidelines range—which it also did. The plea agreement, however, says nothing about a motion for a sentence reduction for substantial assistance. Whether the government should or should not make such a motion in the future (in the aftermath of Rone's claimed assistance), the fact remains that the government has not breached any obligation to Rone in declining to do so thus far.

Rone relatedly contends that the district court violated his due process rights when it failed to make a motion for a substantial-assistance reduction. In *United States v. Bureau*, 52 F.3d 584 (6th Cir. 1995), Rone notes, we held that a district court must immediately consider the government's motion for a § 5K1.1 substantial-assistance reduction rather than wait for a post-sentencing reduction motion under Fed R. Crim. P. 35(b). *Id.* at 594–95. In this case, however, the government did not make a § 5K1.1 motion, and it did not agree (as noted) to make one in the plea agreement. As the district court never had a § 5K1.1 motion before it, Rone's due process argument cannot succeed. *See United States v. Romolo*, 937 F.2d 20, 24 (1st Cir. 1991) ("The simple, unvarnished fact remains that, without a government motion, a sentencing court cannot depart downward under U.S.S.G. § 5K1.1, despite meanspiritedness, or even arbitrariness, on the government's part.").

Rone raises one other issue in his pro se brief. Invoking Rule 44(a) of the Federal Rules of Criminal Procedure and procedural rules of this court, he contends that he was wrongfully denied counsel for this appeal. But in fact counsel did represent Rone on appeal, and his counsel challenged Rone's sentence under *Booker*, as we discuss below. That his attorney declined to champion Rone's other arguments does not amount to a denial of counsel. *Cf., e.g.*, *Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("Neither *Anders* [*v. California*, 386 U.S. 738 (1967),] nor any other decision of this Court suggests . . . that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.").

Finally, through his attorney, Rone challenges his sentence on the ground that it violates the Sixth Amendment as interpreted by *Booker*. Because Rone did not object to his sentence on this ground before the district court, we review for plain error, which Rone readily satisfies under *United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005). The district court sentenced Rone at the low end of the applicable Guidelines range, and no other feature of his sentence or of the sentencing proceeding suggests that this is a case that fails to meet the modest requirements of *Barnett*. We therefore vacate the sentence and remand the case to the district court solely for the purpose of resentencing Rone under the now-advisory Guidelines.

III.

For these reasons, we affirm the district court's interpretation of the Guidelines in this case but vacate and remand Rone's sentence for the purpose of allowing the district court to apply the now-advisory Guidelines.