**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 10a0114n.06

No. 08-4174

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 22, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| JERMAINE MCBEE, | ) | NORTHERN DISTRICT OF OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GIBBONS, SUTTON and WHITE, Circuit Judges.

SUTTON, Circuit Judge. Jermaine McBee challenges his 262-month sentence—and most particularly his status as a career offender. We affirm.

McBee pleaded guilty (1) to possession of crack cocaine with the intent to distribute it and (2) to being a felon in possession of a firearm. *See* 21 U.S.C. § 841(a)(1), (b)(1)(A); 18 U.S.C. § 922(g)(1). Over McBee's objection, the district court determined that he had at least two prior felony convictions of "a crime of violence," making him a career offender. *See* U.S.S.G. § 4B1.1. After further adjustments, the court calculated an advisory guidelines range of 262–327 months. The court sentenced him to 262 months of incarceration and to 5 years of supervised release.

McBee claims that his prior burglary conviction under Ohio law, *see* O.R.C. § 2911.12(A)(4), does not amount to a crime of violence. Yet we recently held otherwise in *United States v. Skipper*,

552 F.3d 489, 493 (6th Cir. 2009). *Skipper*, it is true, involved plain-error review, *id.* at 491, but step one of the plain-error inquiry turns on whether any error occurred, and we found no error in treating § 2911.12(A)(4) as a crime of violence, *id.* at 493. The reality that McBee preserved an objection in his case, while Skipper did not preserve one in his, thus does not help McBee.

Supplementing his counsel's efforts, McBee filed a *pro se* letter brief describing the facts of his burglary conviction and attempting to show that his crime was not a typical burglary. What matters, however, are not the facts of the burglary but the reality that they led to a § 2911(A)(4) conviction. In applying the career offender guidelines, we take a categorical approach to the inquiry, focusing on the elements of the statute of conviction, not the underlying facts of the defendant's prior case. *See Shepard v. United States*, 544 U.S. 13, 17 (2005); *United States v. Montanez*, 442 F.3d 485, 489 (6th Cir. 2006).

McBee does not dispute that his felonious assault conviction counts as a second felony crime of violence. All told, these two crimes of violence plus the instant controlled-substance offense make him a career offender. *See* U.S.S.G. § 4B1.1. We thus need not decide whether two *additional* convictions amounted to crimes of violence. *Cf. United States v. Rone*, 147 F. App'x 490, 492 (6th Cir. 2005); *United States v. Herrera*, 375 F.3d 399, 406–07 (6th Cir. 2004).

McBee separately challenges the substantive reasonableness of his sentence. But we have no authority to address this issue because he waived the right to appeal the reasonableness of a

No. 08-4174
*United States v. McBee*

within-guidelines sentence in his plea agreement.  *See United States v. Dillard*, 438 F.3d 675, 685

(6th Cir. 2006).

　　For these reasons, we affirm.