**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0042n.06

No. 10-4480

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Jan 11, 2012*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| v. | ) | DISTRICT OF OHIO |
| | ) | |
| MITCHELL LEMASTER, | ) | **OPINION** |
| | ) | |
| Defendant-Appellant. | ) | |

BEFORE:   BATCHELDER, Chief Circuit Judge; MCKEAGUE and STRANCH, Circuit
Judges.

**McKeague, Circuit Judge.**  Defendant Mitchell LeMaster pled guilty to violating 18 U.S.C.

§ 922(g)(1), the federal felon-in-possession-of-a-firearm statute.  The district court found that

LeMaster was eligible for enhanced sentencing under the Armed Career Criminal Act ("ACCA")

based on LeMaster's three prior Ohio burglary convictions.  LeMaster appeals the district court's

application of the ACCA and requests remand for resentencing without application of the ACCA.

We **AFFIRM**.

**I.  BACKGROUND**

On February 2, 2010, LeMaster was indicted on one charge of violating 18 U.S.C. §

922(g)(1).  LeMaster pled guilty pursuant to a plea agreement that preserved his right to appeal the

district court's criminal history determination, and the United States Probation Services prepared a

Presentence Investigation Report ("PSR").  The PSR assigned LeMaster a criminal history category

of V.  Although the base offense level for violating 18 U.S.C. § 922(g)(1) is 24, the PSR reduced

LeMaster's adjusted offense level to 21 based on his acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) and the government's motion pursuant to U.S.S.G. § 3E.1.1(b). The PSR applied an ACCA enhancement to LeMaster's adjusted offense level based on his three prior Ohio burglary convictions, including a burglary in Ashland County (the "Ashland burglary") in violation of Ohio Revised Code § 2911.12(A)(4) ("§ 2911.12(A)(4)")[1], which increased LeMaster's adjusted offense level to 33 pursuant to U.S.S.G. § 4B1.4. After the PSR deducted two points for acceptance of responsibility and one point for cooperation, the PSR's total offense level for LeMaster was 30 with a criminal history category of V.

At sentencing, LeMaster objected to the PSR's proposed ACCA enhancement, arguing that the Ashland burglary was not a qualifying predicate offense. Specifically, LeMaster asserted that it is possible to violate Ohio's fourth-degree burglary statute, § 2911.12(A)(4), without committing a violent crime. In support of this argument, LeMaster asserts that the particular facts of his crime — burglary of an "uninhabitable" and "unoccupied structure" — were not violent.

The district court rejected LeMaster's arguments, finding that while § 2911.12(A)(4) "is not a generic crime of violence, . . . the statute itself does fall under the residual clause [of the ACCA] as involving conduct that represents a serious potential risk of physical injury." R. 48 at 10-11. The district court continued: "And beyond that, I am controlled by the *Skipper* case," a Sixth Circuit decision which held that Ohio's fourth-degree burglary statute, § 2911.12(A)(4), "qualifies as a crime of violence." R. 48 at 11. Accordingly, the district court adopted the PSR's finding that

---

[1] § 2911.12(A)(4) was amended in 2011 and is now §2911.12

LeMaster was subject to the ACCA enhancement. After granting the government's motion for a 4-level reduction for substantial assistance pursuant to U.S.S.G. § 5K1.1 and § 18 U.S.C. § 3553(e), the district court set LeMaster's final offense level at 26 and the criminal history category at V, resulting in a guideline calculation range of 110 to 137 months' imprisonment. The district court sentenced LeMaster to a below-Guidelines sentence of 105 months' incarceration, and LeMaster timely filed this appeal.

## II. STANDARD OF REVIEW

This Court "review[s] de novo 'a district court's conclusion that a crime constitutes a violent felony under the ACCA[.]'" *United States v. Amos*, 501 F.3d 524, 526 (6th Cir. 2007) (quoting *United States v. Hargrove*, 416 F.3d 486, 494 (6th Cir. 2005)).

## III. ANALYSIS

A defendant convicted under § 922(g)(1) with "three previous convictions . . . for a violent felony" is eligible for enhanced sentencing under the ACCA. *See* 18 U.S.C. § 924(e)(1). The crime of "burglary" is one of several enumerated violent felonies in § 924(e)(2)(B)(ii) of the ACCA, but neither the ACCA nor its legislative history define the requisite elements for a qualifying burglary offense. The Supreme Court's statutory interpretation of "burglary" in the context of the ACCA, however, provides the following guidance: "the generic, contemporary meaning of burglary contains *at least* the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 598 (1990) (emphasis added).

In addition to enumerated violent felonies, the ACCA also contains a residual clause that applies to any felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." 18 U.S.C. § 924(e)(2)(B)(ii). To determine whether the residual clause applies, a sentencing court must adopt "a formal categorical approach, looking only to the statutory definitions of the propr offenses, and not to the particular facts underlying those convictions." *Taylor v. United States*, 495 U.S. 575, 600 (1990); *see also United States v. Arnold*, 58 F.3d 1117, 1121 (6th Cir. 1995). If, however, "the state statute defines the crime more broadly than the generic offense, . . . a modified categorical approach applies." *United States v. Soto-Sanchez*, 623 F.3d 317, 320 (6th Cir. 2010). Under this approach, "the court may look beyond the statute and the fact of conviction to the indictment or information and jury instructions," but "[t]he court may use these additional materials only to determine *which* crime within a statute the defendant committed, not *how* he committed that crime." *Id.* (internal citations omitted).

Section 2911.12(A)(4), Ohio's fourth-degree burglary statute as it existed at the time of the offense, mandates that: "No person, by force, stealth, or deception, shall . . .[t]respass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present." As we determined in *United States v. Skipper*, § 2911.12(A)(4) does not constitute "generic burglary" as defined in *Taylor* "because it lacks the element of intent to commit a crime within the habitation[,]" 552 F.3d 489, 492 (6th Cir. 2009), but we determined that § 2911.12(A)(4) is a qualifying predicate offense under the ACCA's residual clause. In *Skipper*, we relied on the United States Supreme Court's decision in *James v. United States* in finding that fourth-degree burglary as defined by Ohio law presents "a serious potential risk of injury to another." *Id.*

- 4 -

at 492. In *James*, the Supreme Court found that attempted burglary, as defined by Florida law, presented a serious potential risk of injury to another because the "main risk of burglary arises not from the simple physical act of wrongfully entering onto another's property, but rather from the possibility of a face-to-face confrontation between the burglar and a third party — whether an occupant, a police officer, or a bystander — who comes to investigate." *James v. United States*, 550 U.S. 192, 203 (2007). Similarly, we concluded in *Skipper* that "[t]he same risk is present with respect to fourth-degree burglary as defined by Ohio law." *Skipper*, 552 F.3d at 492. Because § 2911.12(A)(4) requires trespass in the "habitation" of another individual that is effected by "force, stealth, or deception" while an innocent person is "present or likely to be present," the offense "sets forth a recipe for precisely the kind of surprise confrontation whose risk of physical injury underlay the Supreme Court's holding in *James*." *Id.* at 493.

*Skipper* is binding precedent on this case. *See* 6 Cir. R. 206(c); *United States v. Moody,* 306 F.3d 609, 615 (6th Cir. 2000) ("This panel may not overrule the decision of another panel; the earlier determination is binding authority unless a decision of the United States Supreme Court mandates modification or this Court sitting en banc overrules the prior decision."). Here, the district court properly followed *Skipper* and found that § 2911.12(A)(4) is a qualifying violent felony predicate under the ACCA.

LeMaster's argument that the district court erred in relying on *Skipper* because the facts are slightly different, and the district court applied a different standard of review, is without merit. First, the fact that *Skipper* employed a different standard of review than this case is irrelevant. *See United States v. McBee*, 364 F. App'x. 991, 991 (6th Cir. 2010) ("*Skipper*, it is true, involved plain-error

review . . . but step one of the plain-error inquiry turns on whether any error occurred, and we found no error in treating § 2911.12(A)(4) as a crime of violence[.]"). Second, because this Court uses a categorical approach to determine whether an offense is violent, the particular facts of LeMaster's case are irrelevant. *United States v. Young*, 580 F.3d 373, 377 (6th Cir. 2009) (citing *Begay v. United States*, 553 U.S. 137, 141 (2008)); *Skipper*, 552 F.3d at 492 (citing *James*, 550 U.S. at 194).

LeMaster's assertion that the district court erred by focusing on *Skipper* instead of *Begay* is also without merit. Not only does *Skipper* post-date *Begay*, but the categorical approach endorsed in *Skipper* is consistent with the modified categorical approach in *Begay*. *See* Begay, 553 U.S. at 141 ("In determining whether this crime is a violent felony, we consider the offense generically . . . we examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion."). Moreover, as required by *Begay*, Ohio's fourth-degree burglary statute is "roughly similar, in kind as well as in degree of risk posed," *id.* at 143, to the enumerated offense of burglary.

LeMaster's reliance on the Third Circuit's interpretation of § 2911.12(A)(4) in *United States v. Lewis* is therefore also unavailing. *See* 330 F. App'x 353 (3d. Cir. 2009) (concluding that the risk of violence posed in violating § 2911.12(A)(4) was too remote to satisfy the ACCA's residual clause). Further, LeMaster's contention that the facts of the Ashland burglary were not violent is beside the point; because this Court has already categorized § 2911.12(A)(4) as a violent felony predicate under the ACCA, we "may not consider the details of the defendant's crime" when employing the categorical approach. *Soto-Sanchez*, 623 F.3d at 320(citing *Taylor,* 495 U.S. at 600-

01).  Ultimately, the only relevant factor under *Skipper* is the charging statute, which is the same

statute at issue in this case: Ohio Revised Code § 2911.12(A)(4).  *Skipper*, 552 F.3d at 491.


## IV.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.