NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0253n.06

No. 19-3618

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| JERMAINE MCBEE, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  SILER, WHITE, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.**  In 2008, Appellant Jermaine McBee pleaded guilty to one count of possession with intent to distribute cocaine and one count of being a felon in possession of a firearm.  Based on his prior Ohio convictions for burglary, abduction, felonious assault, and attempted felonious assault, the district court found that McBee was an armed career criminal, pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e) (the "ACCA"), and a career offender, pursuant to the United States Sentencing Guidelines § 4B1.1(a) (the "Guidelines").  As a result, the district court sentenced McBee to 262 months' imprisonment.  After a series of appeals in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and this Court's opinion in *United States v. Burris*, 912 F.3d 386 (6th Cir. 2019) (en banc), McBee found himself at a third resentencing hearing before the district court in July of 2019, facing a Sentencing Guideline range of 110 to 137 months.  The district court imposed a sentence of 180 months' imprisonment, which McBee challenges in this appeal.  We affirm.

**I.**

In 2008, McBee pleaded guilty to one count of possession with the intent to distribute 181 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, the district court found that McBee qualified as both a career offender and an armed career criminal based on four predicate offenses in McBee's criminal history: (1) attempted felonious assault, (2) felonious assault, (3) burglary, and (4) abduction.[1] Finding that McBee's sentencing range was 262 months to 327 months, the district court sentenced McBee to 262 months' imprisonment. McBee appealed, and in 2010 this Court affirmed his sentence and status as a career offender. *United States v. McBee*, 364 F. App'x 991, 991 (6th Cir. 2010).

Subsequently, McBee filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), he no longer possessed the requisite predicate offenses to qualify as an armed career criminal. The district court agreed and vacated McBee's sentence. *United States v. McBee*, No. 1:07-CR-362, 2017 WL 2378086, at *1 (N.D. Ohio June 1, 2017). At his 2017 resentencing, however, the district court found that McBee's prior Ohio convictions for felonious assault and attempted felonious assault constituted crimes of violence, thereby maintaining McBee's status as a career offender. The district court imposed a sentence of 245 months' imprisonment, which McBee appealed.

---

[1] The ACCA imposes a minimum statutory sentence of fifteen years on criminal defendants who violate 18 U.S.C. § 922(g) and who have at least three prior state or federal felony convictions that are either serious drug offenses or violent felonies. *Id.* at § 924(e). Similarly, the Guidelines recommend enhanced sentences for adults being sentenced for a violent felony or a controlled substance offense who have at least two prior state or federal felony convictions that are either a crime of violence or a controlled substance offense. *See* U.S.S.G. § 4B1.1(a).

During the pendency of his appeal, this Court decided *United States v. Burris*, 912 F.3d 386, 406 (6th Cir. 2019) (en banc), which held that felonious assault under Ohio Rev. Code Ann. § 2903.11(A)(1) is categorically overbroad and does not qualify as a crime of violence. Accordingly, this Court vacated McBee's sentence and remanded his case for resentencing in light of our opinion in *Burris*. *United States v. McBee*, 751 F. App'x. 892, 893 (6th Cir. 2019) (per curiam). The 2019 resentencing is the subject of this appeal.

Prior to his 2019 plenary resentencing hearing, McBee filed a sentencing memorandum requesting a reduction of his sentence under the First Step Act of 2018 and reiterating that he does not qualify for a career offender enhancement. The government did not file a response to the memorandum, and the U.S. Probation Office did not prepare a revised presentence investigation report for the 2019 resentencing hearing.

The resentencing hearing began with a discussion of the applicable Guidelines range. The parties agreed that McBee's total offense level was 25 with a criminal history category of VI. The government conceded that the Guidelines range of 110 to 137 months set forth in McBee's sentencing memorandum was correctly calculated but requested an upward variance in light of McBee's criminal history, personal history, and the nature and circumstances of the offense.

The court then turned to defense counsel, who noted that in the ten years since his incarceration McBee has participated in a number of programs offered at the prison, explained that McBee has multiple job prospects lined up upon his release, and pointed to McBee's familial support as evidence of McBee's change of character. Further, defense counsel noted that several individuals from the Bureau of Prisons reached out to counsel to commend McBee's efforts to subdue an inmate who was harming a correctional officer and his assistance in the prosecution of the offending inmate. In light of these considerations, defense counsel requested a sentence of

135 months, which would result in a sentence of time served. The court also heard from McBee himself, who reiterated the ways ten years' incarceration has changed his attitude and perspective.

After McBee finished his statement, the district court began by questioning whether McBee had actually changed, noting that the record before it "is one of someone who had not changed . . . despite whatever sanction had been imposed." The court went on to explain that its primary concern at sentencing is that McBee has "repeatedly been willing to not only possess but to use firearms over the course of [his] life." It then delved into a detailed recitation of McBee's criminal history and characteristics, emphasizing that McBee committed his first offense at the age of 19 and that his prior offenses included felonious assault involving the use of a gun; abduction, also involving the use of a firearm and resulting in physical harm to another; and another felonious assault conviction, which the district court noted was originally charged as attempted murder involving the use of a firearm. The court repeatedly reiterated that its key concern was McBee's history of possessing and using firearms:

> I certainly believe that the sentences for crack cocaine have been excessive. But no. That's not what this is about. This is about an individual who, over time, has continued to use guns, firearms, violently, against other persons.
>
> And you're here in this case because of the crack cocaine. Not only that, but because you possessed three guns, if I'm not mistaken, .44 caliber pistol and other items along with rounds of ammunition.
>
> And so that's what gives me pause, and that's what gives me sleepless nights is you put people back in the community who are willing to use guns, that's what's causing people to be killed in our communities every day.
>
> There is [sic] 36 murders in Cleveland this year so far. And I would venture to guess almost all of them were guns. And I would venture to guess many of them were illegal guns. And I would venture to guess many were people who shouldn't have guns.
>
> . . .
>
> It's hard to fathom, at least for me -- and I'm very familiar with firearms. I've used them, shot them. But it's hard for me to fathom someone that can point a gun at someone and shoot at them and hit them and to do it on numerous occasions.

> That's the kind of behavior, the repetitive behavior from age 19 up to 36—and even the periods of time you were incarcerated, there wasn't some short—there was some rather lengthy periods, did not serve as a deterrent.
>
> . . .
>
> Again, I'm really troubled by the history, the pattern, the guns. That's what bothers me.

R. 85, 2019 Sent. Tr., PageID #480-81. On this basis, the district judge sentenced McBee to a term of 180 months on Count 1, possession with intent to distribute cocaine, and a concurrent sentence of 120 months on Count 2, being a felon in possession of a firearm, imposing an upward variance of 43 months above the Guidelines range.

**II.**

A.

McBee first argues that his sentence is substantively unreasonable because the district court afforded an unreasonable amount of weight to McBee's criminal history, a factor already accounted for in the Guidelines.

We review the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). Under this standard, this Court will not disturb a district court's ruling unless it was "based on an error of law or a clearly erroneous finding of fact, or when the reviewing court is otherwise left with the definite and firm conviction that the district court committed a clear error of judgment." *United States v. Kumar*, 750 F.3d 563, 566 (6th Cir. 2014).

"For a sentence to be substantively reasonable, 'it must be proportionate to the seriousness of the circumstances of the offense and offender, and "sufficient but not greater than necessary, to comply with the purposes"' of § 3553(a)." *United States v. Vowell*, 516 F.3d 503, 512 (6th Cir. 2008) (quoting *United States v. Smith*, 505 F.3d 463, 470 (6th Cir. 2007)). "[A] sentence is

'substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor.'" *United States v. Sexton*, 889 F.3d 262, 265 (6th Cir. 2018) (quoting *United States v. Robinson*, 813 F.3d 251, 264 (6th Cir. 2016)).

Our substantive-reasonableness review begins with the applicable Guidelines range, which is one of the § 3553(a) factors and, in its applicable-sentencing-range calculation, "purport[s] to take into consideration most, if not all, of the other § 3553(a) factors." *United States v. Haj-Hamed,* 549 F.3d 1020, 1025 (6th Cir. 2008). "If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness. But if the sentence is outside the Guidelines range, the court may not apply a presumption of unreasonableness." *Gall*, 552 U.S. at 51 (citation omitted). "[A] sentence that falls within the Guidelines range warrants a presumption of reasonableness in this circuit." *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009). For sentences outside that range, "the greater the district court's variance, the more compelling the evidence must be." *United States v. Stall*, 581 F.3d 276, 281 (6th Cir. 2009).

McBee argues that the district court erred by solely basing its upward variance on his criminal history, thereby double-counting factors already accounted for in the guidelines. In response, the government contends that the district court did not solely base its sentencing on McBee's criminal history but also his personal characteristics and the nature and circumstances giving rise to these crimes, namely McBee's willingness to use firearms, history of violence, and history of recidivism.

To support his argument, McBee points to our unpublished decision in *United States v. Warren*, contending that the facts of his case are indistinguishable from the set of facts presented

to this Court in that matter. 771 F. App'x 637, 642 (6th Cir. 2019). Warren entered a guilty plea for being a felon in possession of a firearm. *Id.* at 638. The government sought a sentence within the applicable Guidelines range of 51 to 63 months' imprisonment, but the district court imposed a sentence of 120 months' imprisonment, the statutory maximum for the offense. *Id.* The district court's sole justification for imposing the maximum statutory sentence for the offense—which was nearly double the advisory Guidelines range—was its review of Warren's criminal history. *Id.* at 639-40. We determined that this reasoning failed to adequately address "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," pursuant to § 3553(a)(6). *Id.* at 641. As we explained, "[b]y 'relying on a problem common to all' defendants within the same criminal history category as Warren— that is, that they have an extensive criminal history—the district court did not give a sufficiently compelling reason to justify imposing the greatest possible deviation from the Guidelines-recommended sentence in this case." *Id.* at 642 (quoting *United States v. Poynter*, 495 F.3d 349, 354 (6th Cir. 2007)). Although the context and facts of this case resemble those presented to this Court in *Warren*—including the fact that the same district judge sentenced both McBee and Warren—McBee's additional conviction under § 841(a) for possession with the intent to distribute cocaine and the level of upward variance imposed render the cases distinguishable. Unlike McBee, Warren's felon-in-possession charge did not involve the possession of three separate firearms, including an assault rifle and over a hundred rounds of ammunition. Additionally, Warren did not face a sentence for the possession and intent to distribute such a large amount of cocaine.

Finally, the upward variance in McBee's sentencing was not as extreme as the variance in *Warren*, and although "the standard of review does not change based on whether a sentence is 'inside, just outside, or significantly outside the Guidelines range,'" the greater the district court's

variance, the more compelling the evidence must be." *United States v. Stall*, 581 F.3d 276, 281 (6th Cir. 2009) (citation omitted) (quoting *Gall*, 552 U.S. at 41). While we recognize the district court heavily weighed McBee's criminal history in its sentencing determination, we find that it also considered the seriousness of the offenses at issue and distinguished McBee from other defendants, namely in its consideration of the sheer volume of firearms and ammunition McBee possessed[2] and his history of recidivism. Thus, we find that the district court did not afford unreasonable weight to McBee's criminal history and that the sentence is substantively reasonable.

B.

McBee additionally argues that the district court's failure to engage in an on-the-merits review of his First Step Act claim amounts to an abuse of discretion. Specifically, McBee contends that the First Step Act entitles him to a "complete review on the merits" of his request for relief under the First Step Act and that the district court's failure to consider "the First Step Act's purpose of avoiding crack cocaine disparities" renders its sentencing determination an abuse of discretion as contrary to the plain language of the law. This argument fails for several reasons.

---

[2] During the sentencing hearing, the government argued that the combination and details of McBee's drug and firearm offenses made his situation unique:

> Your Honor, the firearms calculations were lost in all of this. He should have received an enhancement for having three firearms. Because, again, the drug calculation was so high, it encompassed that. He should have received an enhancement for high capacity magazines. He did not, again, because the drug guideline drove essentially what the base offense level was going to be. So none of those enhancements were ever applied. He had some -- he had an arsenal, Your Honor. He had some serious firepower.

R. 85, 2019 Sent. Tr., PageID # 483-84. And the district court relied in part on this uniqueness in determining McBee's sentence:

> At the time he was arrested he was in possession of a Magnum Research, model Desert Eagle .44 caliber semiautomatic pistol and $2,765. Upon returning to the residence to conduct the search, police found two other firearms and ammunition: A Professional Ordnance, Incorporated, model Carbon-15, .223 caliber semiautomatic pistol; a Llama, .45 caliber semiautomatic pistol; and 16 rounds of .44 caliber ammunition and 98 rounds of .223 caliber ammunition, five rounds of .45 caliber ammunition, along with, I believe, a 45 Auto and one round of .45 caliber ammunition. Also found was 181.19 grams of crack cocaine.

*Id.* at PageID #490.

"The First Step Act merely unlocks the door to resentencing so long as the crime 'was committed before August 3, 2010,' and its 'statutory penalties . . . were modified by section 2 or 3 of the Fair Sentencing Act of 2010.'" *United States v. Maxwell*, No. 19-5312, 2020 WL 429838, at \*4 (6th Cir. Jan. 28, 2020) (alteration in original) (quoting First Step Act of 2018, § 404(a)). Here, because this Court vacated McBee's sentence and remanded his case for a plenary resentencing hearing, the district court's sentencing determination was not restrained by the limited, discretionary review dictated under the First Step Act. Instead, McBee had an opportunity to fully present any arguments in his favor as to why he deserved a reduced sentence, which the district court was able to evaluate in conjunction with its review of his entire sentence.

Further, McBee's repeated reference to the district court's statement that "this [case] is not about crack cocaine" is unavailing. When properly reviewed in context, it is clear that the district court was instead clarifying that it did not find the purposes of the First Step Act applicable in its sentencing determination:

> [T]his is not about crack cocaine, a low-level drug dealer, someone who has been caught up in the system. I certainly believe that the sentences for crack cocaine have been excessive. But no. That's not what this is about.

R. 85, 2019 Sent. Tr., PageID # 480. As this Court recently explained in *United States v. Beamus*, in exercising its discretion to reduce a sentence under the First Step Act, "a judge may take stock of several considerations, among them the criminal history contained in the presentence report." 943 F.3d 789, 792 (6th Cir. 2019) (per curiam). Which explains why, despite this Court's request for additional briefing on the matter, McBee is unable to explain how a resentencing under the First Step Act would have beneficially differed from the resentencing actually conducted. Although this is not the conclusion McBee was hoping the district court would reach upon review

of his case, that does not render the district court's determination that other factors outweighed potential considerations under the First Step Act an abuse of discretion.

**III.**

For the forgoing reasons, we **AFFIRM** the district court's 180-month sentence.