**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0318n.06

No. 09-3791

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**May 13, 2011**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA, )
)
    Plaintiff-Appellee, )
)
v. ) ON APPEAL FROM THE UNITED
) STATES DISTRICT COURT FOR THE
RONALD WRIGHT, ) NORTHERN DISTRICT OF OHIO
)
)
    Defendant-Appellant. )

Before: MARTIN and SUTTON, Circuit Judges; GRAHAM, District Judge.[*]

SUTTON, Circuit Judge. Ronald Wright challenges his classification as an armed career criminal under 18 U.S.C. § 924(e). Relying on binding precedent, we affirm.

Wright pleaded guilty to being a felon in possession of a firearm. In calculating his sentence, the district court determined (1) that he was subject to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), requiring a statutory minimum of 180 months, and (2) that his guidelines range was 180–210 months. The court imposed a 180-month sentence.

---

[*]The Honorable James L. Graham, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

On appeal, Wright argues that neither of his two fourth-degree burglary convictions under Ohio law, *see* Ohio Rev. Code Ann. § 2911.12(A)(4), amounted to a "violent felony" under ACCA. Wright did not raise the objection below, and accordingly plain error applies.

No plain error occurred because there was no error. In *United States v. Skipper*, 552 F.3d 489, 492–93 (6th Cir. 2009), we held that a conviction under the same Ohio law amounts to a "crime of violence" under the career offender designation in U.S.S.G. § 4B1.1. *See also United States v. McBee*, 364 F. App'x 991 (6th Cir. 2010) (same). Because, as relevant here, " we treat a'crime of violence' under § 4B1.1(a) of the guidelines the same as a 'violent felony' under [ACCA]," *United States v. Ford*, 560 F.3d 420, 421 (6th Cir. 2009), *Skipper* governs this case.

In asking us to overrule (or sidestep) *Skipper*, Wright asks us to do what we cannot. Only the *en banc* process, a material intervening Supreme Court decision or a relevant change to the guidelines or ACCA would permit us to override *Skipper*. *See Sykes v. Anderson*, 625 F.3d 294, 319 (6th Cir. 2010); *see also* 6th Cir. R. 206(c). Nor does *Chambers v. United States*, 555 U.S. 122 (2009), decided the same day as *Skipper*, count as intervening Supreme Court precedent. *Chambers* asked whether a statutory offense could contain multiple categories of offenses, and Wright does not argue that Ohio Rev. Code § 2911.12(A)(4) presents a categorization problem. His complaint about *Skipper* goes to its application of *Begay v. United States*, 553 U.S. 137 (2008), which the Supreme Court decided nine months *before Skipper*.

No. 09-3791
*United States v. Wright*

Because the district court properly sentenced Wright to the statutory minimum sentence, his reasonableness challenge is also meritless. *See United States v. Higgins*, 557 F.3d 381, 398 (6th Cir. 2009).

For these reasons, we affirm.