NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0371n.06

No. 10-2621

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Apr 05, 2012*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,      )
                                         )

      Plaintiff-Appellee,       )

                                         )   **ON APPEAL FROM THE UNITED**

v.                                 )   **STATES DISTRICT COURT FOR THE**

                                       )   **WESTERN DISTRICT OF MICHIGAN**

PHILIP MAURICE DUNLAP,       )

                                         )

      Defendant-Appellant.     )

Before: CLAY and GIBBONS, Circuit Judges, and KORMAN, District Judge.[*]

**Per Curiam.** On this appeal from a judgment, entered after a guilty plea, convicting him of

distributing cocaine base in violation of 18 U.S.C. § 841, Philip Maurice Dunlap argues that the

district judge erred in refusing to grant him a reduction for acceptance of responsibility and in

refusing to deem him eligible for a safety valve reduction under 18 U.S.C. § 3553(f). We review a

"district court's determination of whether to apply a Guidelines reduction under the clear-error

standard." *United States v. Bacon*, 617 F.3d 452, 456 (6th Cir. 2010) (citing *United States v.*

*Paulette*, 457 F.3d 601, 608 (6th Cir. 2006) (applying the clear error standard to a review of a district

court determination whether a defendant has accepted responsibility)). Likewise, a district court's

---

[*]The Honorable Edward R. Korman, United States District Judge for the Eastern District of
New York, sitting by designation.

1

decision whether to grant a safety valve relief is also reviewed for clear error. *United States v. Haynes*, 468 F.3d 422, 426 (6th Cir. 2006).

The defendant bears the burden of proof to show by a preponderance of the evidence that he or she accepts responsibility for the crime committed. *Bacon*, 617 F.3d at 458. One way to do so requires that the defendant "truthfully admit[] the conduct comprising the offenses of conviction . . . ." USSG § 3E1.1 cmt. 1(A) (2011). Pleading guilty does not automatically entitle a defendant to the reduction. *See Bacon*, 617 F.3d at 459 (upholding the denial of acceptance of responsibility reduction where the defendant pleaded guilty but equivocated about certain facts, repeatedly made false statements, and blamed others for his crime).

As to the safety valve relief, five conditions must be met for a defendant to be eligible. Only one is relevant here, and it provides that "not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan . . . ." 18 U.S.C. § 3553(f)(5). The defendant also bears the burden of proving entitlement to the safety valve reduction by a preponderance of the evidence. *Haynes*, 468 F.3d at 427. "Unlike other reduction provisions such as . . . acceptance of responsibility . . . , the provisions of . . . 18 U.S.C. § 3553(f) require a defendant to reveal a broader scope of information about the relevant criminal conduct to the authorities." *United States v. O'Dell*, 247 F.3d 655, 675 (6th Cir. 2001) (quotation omitted).

While a reduction for acceptance of responsibility and safety valve relief are discrete legal concepts, we discuss them together because, on the record here, Dunlap's arguments factually overlap. Specifically, whether Dunlap should have been granted either turns on the truthfulness of Dunlap's story about how he received the crack and to whom he sold it. Dunlap told investigators and probation officials that he received narcotics from his friend Echols for safekeeping and only retained possession because Echols died shortly after. Dunlap originally said he buried the crack and dug it up six months later for sporadic use and sale approximately six months before retrieving the remainder he sold to the undercover agents. Subsequently, he told probation that after burying the crack, he dug it up approximately one year later, traded a few ounces for marijuana and sold the rest in ounce-size quantities to two or three different people.

Not only do the inconsistencies between the account Dunlap gave to investigators and the account he gave to probation cast doubt on his credibility, the narrative he presented is far-fetched. Multiple undercover officers purchased crack from Dunlap in the course of the five undercover purchases that lead to his arrest. Moreover, the witnesses Dunlap presented at sentencing failed to corroborate his story in any meaningful way.

In sum, the district judge accurately found that there was no evidence to support Dunlap's story about the source of the drugs, and that it was "inherently incredible." Accordingly, the refusal to grant Dunlap a reduction for acceptance of responsibility or safety valve relief was not clearly erroneous.

AFFIRMED.