**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0575n.06

No. 09-5197

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

**Jun 05, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| JERRY DANIEL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  SUTTON, GRIFFIN, and RIPPLE, Circuit Judges.[*]

PER CURIAM.  Jerry Daniel pleaded guilty to conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 841 and 846, and was sentenced to 90 months in prison.  Daniel now appeals his sentence, arguing that the district court erroneously denied him a reduction in his offense level for acceptance of responsibility.  We affirm the district court's judgment.

According to the facts set forth in the plea agreement, Daniel was involved in a segment of a cocaine distribution network that revolved around his brother, Marcus Lewis.  Lewis would receive between four and ten kilograms of cocaine per week and then sell smaller quantities of cocaine, "in both powder and base form," to several individuals, including Daniel.  Daniel admitted that he would regularly purchase "cocaine or cocaine base" from Lewis and distribute the drugs to others.  The plea agreement did not address the drug quantities attributable to Daniel.

---

[*]The Honorable Kenneth F. Ripple, Circuit Judge of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

A probation officer prepared a presentence report (PSR), which attributed 1.2 kilograms of cocaine and two ounces (56.7 grams) of cocaine base (crack) to Daniel based on 35 drug-related phone calls that law enforcement officers intercepted between Daniel and Lewis. This yielded a marijuana equivalent of 1,374 kilograms and a base offense level of 30. The PSR awarded a three-level reduction for acceptance of responsibility, citing Daniel's agreement with the factual basis set forth in the plea agreement, his timely guilty plea, and the government's intent to move for an additional one point reduction at sentencing. *See* USSG § 3E1.1(a), (b). This resulted in a total offense level of 27, which, when combined with Daniel's criminal history category of II, yielded a guideline range of imprisonment of 78 to 97 months.

Daniel then filed a motion for "miscellaneous relief," stating that he was not a "significant player" in the conspiracy, was "primarily involved in marijuana," and should be awarded a minimal role reduction. The probation officer treated this as an untimely objection to the PSR and recommended denying the request on the ground that Daniel's role in the conspiracy was not minor or minimal relative to other participants. Daniel did not renew this objection at the sentencing hearing. Instead, he challenged the drug quantities attributed to him in the PSR, first stating that the amount of powder cocaine was overstated. In response, the government called James Hixon, a Drug Enforcement Administration task force officer, who testified that the figure in the PSR was a "conservative" estimate based on approximately 30 monitored telephone calls between Daniel and Lewis.

After Hixon left the stand, Daniel's counsel stated that he made a mistake earlier and that Daniel also objected to the two ounces of crack cocaine attributed to him. According to counsel, Daniel "told [him] clearly that he had nothing to do with crack cocaine." The government recalled

Hixon, who testified that the two ounces of crack cocaine were attributed to Daniel based on terminology used in two of the telephone calls between Daniel and Lewis. Hixon acknowledged, however, that he actually was "not sure one way or another" whether the second call involved one ounce of crack or one ounce of powder cocaine. Daniel did not testify, but made a "proffer" through counsel that his involvement in the conspiracy was limited to powder cocaine. Counsel also restated his argument that the amount of powder cocaine attributed to Daniel was too high.

Based on Hixon's testimony, as well as Daniel's guilty plea to a conspiracy involving both crack and powder cocaine, the district court found that the drug quantities set forth in the PSR had been established by a preponderance of the evidence. The district court also concluded that Daniel was no longer entitled to a reduction for acceptance of responsibility because his assertion that he did not sell any crack cocaine was contrary to his admission in the plea agreement and the plea hearing "that he was involved in some quantity of crack cocaine." As a result, the district court raised Daniel's total offense level to 30, resulting in a guideline range of 108 to 135 months. After reviewing the 18 U.S.C. § 3553(a) factors, the district court varied downward from this range and imposed a sentence of 90 months of imprisonment, citing Daniel's youth, employment history, and lack of a significant criminal record.

Daniel argues on appeal that the district court erred in denying him a reduction for acceptance of responsibility. "The district court's determination regarding acceptance of responsibility must be sustained unless clearly erroneous." *United States v. Angel*, 355 F.3d 462, 476 (6th Cir. 2004). A finding is clearly erroneous when we are "left with the definite and firm conviction that a mistake has been committed." *United States v. Boudreau*, 564 F.3d 431, 435 (6th Cir. 2009) (citation omitted).

A defendant must demonstrate his acceptance of responsibility by a preponderance of the evidence. *United States v. Bacon*, 617 F.3d 452, 458 (6th Cir. 2010). A guilty plea does not automatically entitle a defendant to an acceptance of responsibility reduction. *See* USSG § 3E1.1, comment. (n.3); *United States v. Kathman*, 490 F.3d 520, 524 (6th Cir. 2007). Rather, entitlement to a reduction depends on "truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct)." USSG § 3E1.1, comment. (n.1(a)). The district court's determination regarding acceptance of responsibility is entitled to significant deference. *Kathman*, 490 F.3d at 524.

The district court concluded that Daniel's "blanket denial of any involvement in crack cocaine" contradicted his earlier sworn statements to the court, including his guilty plea to a conspiracy involving both crack and powder cocaine and his admission to the facts set forth in the plea agreement. The district court found that, based on these admissions, Daniel "was involved in some quantity of crack cocaine," and that Daniel's insistence that his involvement was limited to powder cocaine amounted to a false or frivolous denial of responsibility.

Whether we would have reached the same conclusion, we cannot say that it was clear error for the district court to find that Daniel failed to demonstrate acceptance of responsibility. *See Kathman*, 490 F.3d at 524. Even after the district court observed that Daniel's acceptance of responsibility reduction was at risk, Daniel continued to deny his involvement with crack cocaine and did not make clear that he was admitting his culpability for his offense. *See Bacon*, 617 F.3d at 459. Having determined that the drug quantity calculation in the PSR was supported by a preponderance of the evidence – a calculation that Daniel does not challenge on appeal – the district

court reasonably concluded that Daniel was falsely denying his offense conduct and therefore was not entitled to an acceptance of responsibility reduction. *See, e.g.*, *id*. at 458-59; *United States v. Wilson*, 239 F. App'x 260, 267 (6th Cir. 2007) ("A defendant who is not forthcoming as to his offense conduct in an attempt to affect his sentence has not accepted responsibility.").

Daniel's arguments to the contrary are unavailing. Daniel contends that his position at sentencing did not contradict his guilty plea admissions because the plea agreement referred to his distribution of "cocaine or cocaine base" rather than cocaine and cocaine base. But the offense to which Daniel pleaded guilty involved both cocaine and cocaine base. Further, the plea agreement provided that Daniel would regularly order, receive, and distribute "cocaine or cocaine base" that originated with Lewis. The use of the word "or" in this context can be reasonably interpreted to mean that Daniel's offense conduct involved both cocaine and cocaine base, and that each individual transaction involved one of the two substances. This reading of the plea agreement is reinforced by Daniel's assent at the plea hearing to the prosecutor's summary of the factual basis for Daniel's plea, which referred to "cocaine and cocaine base" as well as "cocaine or cocaine base." Accordingly, the district court did not clearly err in determining that Daniel's denial of any involvement with crack cocaine was inconsistent with his previous admissions.

Daniel also argues that he did not personally deny any relevant conduct and that the district court should not have attributed his attorney's statements to him for purposes of evaluating his acceptance of responsibility. Daniel points to *United States v. Purchess*, 107 F.3d 1261, 1269 (7th Cir. 1997), in which the court held that, when an attorney raises factual challenges at a sentencing hearing, the best practice is for the district court "to determine if the defendant understands and agrees with his attorney's argument before using counsel's challenge as a basis for denying the

defendant a reduction for acceptance of responsibility." Relying on *Purchess*, Daniel argues that the district court should have made some effort to determine whether he understood and agreed with counsel's arguments before denying him a reduction. In *Purchess*, however, there was "no link" between the attorney's statements and the defendant, who, the court noted, had a limited command of the English language and a fifth grade education. *See id.* at 1268. In this case, by contrast, counsel expressly based his argument on Daniel's statements to him that he had "nothing to do with crack cocaine" and that "his involvement was not with crack but with powder." Under these circumstances, the district court did not err by considering counsel's statements for purposes of determining whether Daniel accepted responsibility for his offense conduct. *See United States v. Lister*, 432 F.3d 754, 760 (7th Cir. 2005) ("Frivolous challenges and denials made by one's attorney also place a deduction for acceptance of responsibility at risk.").

Finally, Daniel asserts that he repeatedly reaffirmed his acceptance of responsibility and was simply putting the United States to its burden of proving the drug quantity, which should not have jeopardized his eligibility for a reduction. *See United States v. Gordon*, 495 F.3d 427, 432-33 (7th Cir. 2007) (noting that "a court cannot deny a reduction for acceptance of responsibility when a defendant makes a good faith challenge to a calculation of loss or drug quantity"). The record demonstrates, however, that the district court denied Daniel credit for acceptance of responsibility not because he challenged the *amount* of crack and powder cocaine attributed to him for sentencing purposes, but because he argued that he should not be held accountable for *any* crack cocaine. The district court expressly acknowledged that the government bore the burden of proving the drug quantity and that Daniel could raise a challenge to the weight of the drugs without jeopardizing his acceptance of responsibility reduction. The district court noted, however, that Daniel was not simply

challenging the drug quantity but was denying any involvement with crack cocaine, a position that was inconsistent with his guilty plea. Accordingly, contrary to Daniel's argument, the district court did not deny him credit for acceptance of responsibility based on his good faith challenge to the drug quantity calculation. *Cf. United States v. Eschman*, 227 F.3d 886, 891-92 (7th Cir. 2000). Under these circumstances, we find no clear error in the district court's denial of an acceptance of responsibility reduction.

Daniel also argues that he is entitled to a sentence reduction in light of recent guideline amendments reducing the penalties for most crack cocaine offenses. Daniel has already filed a motion in the district court for a sentence reduction under 18 U.S.C. § 3582(c). Accordingly, we need not remand the case to the district court, but "will simply allow [Daniel's] motion to be adjudicated in the normal course of the district court's proceedings." *United States v. McClain*, 429 F. App'x 538, 543 (6th Cir. 2011), *cert. denied*, 132 S. Ct. 1091 (2012).

For these reasons, we affirm the district court's judgment.