NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1202n.06

No. 12-5050

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | *Nov 20, 2012* |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| ASHLEY COFFEY, | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| Defendant-Appellant. | ) | KENTUCKY |

Before: MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM. Ashley Coffey, who is represented by counsel, appeals a district court judgment sentencing him to 120 months of imprisonment.

Coffey pleaded guilty to transporting child pornography over the internet and possessing child pornography. Coffey's presentence report established an advisory sentencing guidelines range of 151 to 188 months of imprisonment. The district court subsequently sentenced Coffey to 120 months of imprisonment.

We review the reasonableness of a sentence for an abuse of discretion. *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007). A sentence imposed by a district court must be procedurally and substantively reasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007). For a sentence to be procedurally reasonable, the district court "must properly calculate the guidelines range, treat the guidelines as advisory, consider the § 3553(a) factors and adequately explain the

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

chosen sentence." *United States v. Grossman*, 513 F.3d 592, 595 (6th Cir. 2008). "The goal of the procedural reasonableness requirement is to ensure that a sentencing court explains its reasoning to a sufficient degree to allow for reasonable appellate review." *United States v. Dexta*, 470 F.3d 612, 614 (6th Cir. 2006).

The district court considered Coffey's history and characteristics, focusing on his age and physical condition. The court stated that it imposed Coffey's sentence based on the factors set forth in § 3553(a). The court took time to consider all of Coffey's arguments, continuing the sentencing hearing for a second day. Because the substance of the district court's analysis demonstrates that it considered the factors of § 3553(a), the sentence is procedurally reasonable. *See United States v. Collington*, 461 F.3d 805, 809–10 (6th Cir. 2006).

Once we determine that a sentence is procedurally sound, we "should then consider the substantive reasonableness of the sentence imposed." *Gall*, 552 U.S. at 51. "A sentence may be considered substantively unreasonable when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Conatser*, 514 F.3d 508, 520 (6th Cir. 2008).

The district court did not arbitrarily select Coffey's sentence. The district court considered the pertinent § 3553(a) factors, taking particular note of Coffey's history and characteristics. The record establishes that Coffey's sentence is substantively reasonable. *See United States v. Bacon*, 617 F.3d 452, 460 (6th Cir. 2010).

The district court's judgment is affirmed.