NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0825n.06

Nos. 11-3959, 11-4006, 11-4017, 12-3604

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Sep 12, 2013*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | C O U R T   F O R   T H E |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| JASON MORGAN, WILLIAM | ) | |
| EFFORD, KYRON MARLIN, and | ) | O P I N I O N |
| TRAVON WILLIAMS, | ) | |
| | | |
| Defendants-Appellants. | | |

BEFORE:     BOGGS and COLE, Circuit Judges; and QUIST, Senior District Judge.[*]

**QUIST, District Judge.**

Defendants Jason Morgan, William Efford, Kyron Marlin, Travon Williams, and numerous

other individuals were charged in a 110-count indictment arising out of a massive drug-trafficking

conspiracy in Cleveland, Ohio. The central figure in the conspiracy was Rayshawn Ligon. During

the course of the conspiracy, Defendants engaged in various drug-related conversations with Ligon

and another co-conspirator, Larry Neal, through Ligon's and Neal's cell phones. The indictment

charged each Defendant with conspiracy to distribute and to possess with intent to distribute heroin,

in violation of 21 U.S.C. §§ 846 and 841(a)(1), and with several counts of using a communication

facility to facilitate a drug offense, in violation of 21 U.S.C. § 843(b). Defendants pleaded guilty to

---

[*]Honorable Gordon J. Quist, Senior United States District Judge for the Western District of
Michigan, sitting by designation.

the drug-trafficking conspiracy charge pursuant to written plea agreements, and the government agreed to dismiss all counts charging use of a telephone to facilitate a drug trafficking offense.

Defendants appeal their sentences following their guilty pleas. We affirm on all issues.

### *No. 11-3959*–**Jason Morgan**

Morgan's presentence report calculated a base offense level of 22, but increased the offense level to 32 because Morgan qualified as a career offender under U.S.S.G. § 4B1.1. After a three-level reduction for acceptance of responsibility, Morgan's offense level was 29. Morgan had a criminal history category of VI, which yielded a sentencing guidelines range of 151 to 188 months. Morgan argued that his prior Ohio conviction for fourth-degree burglary did not qualify as a crime of violence for purposes of the career offender enhancement. The district court overruled Morgan's objection, but granted the government's motion for a four-level reduction under U.S.S.G. § 5K1.1 for substantial assistance, which resulted in a guidelines range of 110 to 137 months. The district court sentenced Morgan to 110 months incarceration, followed by three years of supervised release.

Morgan's sole argument on appeal is that the district court erred in concluding that Morgan's prior Ohio felony conviction for fourth-degree burglary, *see* Ohio Rev. Code Ann. § 2911.12(A)(4) (2011),[1] qualifies as a "crime of violence" for purposes of the career offender designation in U.S.S.G. § 4B1.1. The argument is foreclosed by *United States v. Skipper*, 552 F.3d 489 (6th Cir. 2009), in which this court applied a "categorical approach" and held that a fourth-degree burglary conviction under Ohio law amounts to a "crime of violence" for purposes of career offender status. *Id.* at 492 93.

---

[1]The burglary statute was amended effective September 30, 2011, to redesignate former division (A)(4) as division (B).

Morgan invites us to sidestep *Skipper* and examine the specific facts of his case, which, he claims, show that his conduct posed no risk of physical injury. Morgan further notes that the government even conceded the lack of such a risk at the sentencing hearing. Regardless of Morgan's or the government's view of the underlying offense conduct, the "categorical approach" requires that we look "to the statutory definition of the offense and not the particular facts underlying the conviction." *United States v. McMurray*, 653 F.3d 367, 372 (6th Cir. 2011) (citing *Taylor v. United States*, 495 U.S. 575, 600 (1990)). In short, *Skipper* is binding precedent, and "[o]nly the *en banc* process, a material intervening Supreme Court decision or a relevant change to the guidelines . . . would permit us to override *Skipper*." *United States v. Wright*, 423 F. App'x 515, 516 (6th Cir. 2011) (citing *Sykes v. Anderson*, 625 F.3d 294, 319 (6th Cir. 2010) and 6th Cir. R. 206(c)). Thus, we may not examine Morgan's specific offense conduct.

### *No. 11-4006*–**William Efford**

Efford's presentence report calculated a base offense level of 22, but recommended an increase to level 34 based on Efford's status as a career offender. After a three-level reduction for acceptance of responsibility, Efford's total offense level was 31, which, combined with a criminal history category of VI, yielded a sentencing guideline range of 188 to 235 months. Efford did not dispute that he had the requisite predicate felony convictions for career offender status, but he argued for a downward variance on the theory that it was unreasonable to sentence him within the career offender guideline range. The district court denied Efford's request for a variance and granted the government's motion for a five-level reduction under U.S.S.G. § 5K1.1 for substantial assistance, resulting in a sentencing guidelines range of 120 to 150 months. The district court sentenced Efford to 120 months imprisonment, followed by five years of supervised release.

Efford challenges the substantive reasonableness of the district court's 120-month sentence. Efford argues that his sentence in his career offender guidelines range is unreasonable because it overstates the true nature of his criminal history.

We review Efford's sentence for reasonableness under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Freeman*, 640 F.3d 180, 185 (6th Cir. 2011). "A sentence may be substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor." *United States v. Vowell*, 516 F.3d 503, 510 (6th Cir. 2008) (alterations and internal quotation marks omitted). A within-guidelines sentence is presumptively reasonable. *See United States v. Vonner*, 516 F.3d 382, 389 (6th Cir. 2008) (en banc).

Efford faults the district court for placing too much weight on his criminal history, which Efford describes as a series of convictions involving small street-level amounts of drugs. He notes that, but for his career offender designation, his sentencing range would have been 63 to 78 months.

Efford is correct that the district judge stressed his criminal history as a significant factor in her sentencing decision, noting that "at the young age of 28 the defendant ha[s] earned an incredible 19 criminal history points." The district judge also considered that Efford was a lower-level participant in the conspiracy and had finally begun to recognize the need to change his behavior, but she was still troubled by a criminal history that was "much too extensive for a person of [Efford's] age." Ultimately, the district judge determined that a sentence at the low end of the guidelines range

was appropriate, even though Efford's criminal history supported a sentence in the middle-to-high range.

The district court's concern with Efford's substantial criminal history was a valid reason for not varying downward. "A district court does not commit reversible error simply by attaching great weight to a single factor." *United States v. Thomas*, 437 F. App'x 456, 458 (6th Cir. 2011). Moreover, the district judge fully considered other pertinent factors under § 18 U.S.C. § 3553(a), including Efford's role in the offense, his personal characteristics, family support, past efforts to reform, and the need to avoid sentencing disparities. In light of these factors and Efford's extensive criminal history, the district judge reasonably determined that a sentence at the low end of the career offender guideline range was appropriate. Therefore, we conclude that Efford has failed to rebut the presumption that his within-guidelines sentence is reasonable.

### *No. 11-4017–Kyron Marlin*

In his plea agreement, Marlin admitted to certain offense conduct, including "sell[ing] amounts of heroin to Rayshawn Ligon in the greater Cleveland, Ohio area," and, "on other occasions, . . . purchas[ing] amounts of heroin from Rayshawn Ligon for resale to his customers in the greater Cleveland, Ohio area." During his change of plea hearing, Marlin confirmed that he had read the factual-basis and relevant-conduct portions of his plea agreement and agreed that each and every statement was true and correct. Marlin's presentence report calculated a base offense level of 22, but recommended that Marlin was not entitled to a reduction for acceptance of responsibility based on Marlin's post-plea denials that he sold or exchanged any drugs or money with Ligon. Combining that offense level with a criminal history category of IV, Marlin's sentencing guideline range was 63 to 78 months. The district court concluded that Marlin did not qualify for a reduction for

acceptance of responsibility and sentenced Marlin to a within-guidelines sentence of 70 months incarceration, followed by six years of supervised release.

Marlin contends that the district court erred in denying him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). We review for clear error a district court's decision that a defendant is not entitled to a reduction for acceptance of responsibility. *United States v. Bacon*, 617 F.3d 452, 456 (6th Cir. 2010). "A defendant who enters a guilty plea is not entitled to an adjustment [for acceptance of responsibility] . . . as a matter of right." U.S.S.G. § 3E1.1 Application Note 3 (2011). A district court's determination regarding acceptance of responsibility "is entitled to great deference on review." *United States v. Genschow*, 645 F.3d 803, 813 (6th Cir. 2011). Thus, we will not overturn the district court's denial of acceptance of responsibility "unless it is without foundation." *United States v. Turner*, 324 F.3d 456, 462 (6th Cir. 2003) (internal quotation marks omitted).

Marlin initially admitted in his plea agreement that he sold drugs to Ligon and purchased drugs from Ligon during the conspiracy. Subsequently, however, in an interview with a probation officer and in a letter to the district court, Marlin denied exchanging money or drugs with Ligon and instead maintained that he merely made phone calls in order to facilitate drug deals between Ligon and another drug dealer known as "Red." At the sentencing hearing, the district judge inquired about these statements and afforded Marlin several opportunities to admit his true conduct in the conspiracy, but Marlin continued to minimize his culpability, contrary to his admissions in the plea agreement, co-conspirator statements implicating him in both buying and selling drugs, and evidence that Marlin was arrested selling heroin to an informant. Although Marlin did eventually admit buying and selling drugs, the admission came only after Marlin had made several contradictory

statements to the district court seeking to limit his conduct to making phone calls. As the district court aptly observed, Marlin was "not speaking the same language . . . [as] the plea agreement." Therefore, we conclude that the district court did not err in denying Marlin a reduction for acceptance of responsibility. *See United States v. Lewis*, 444 F. App'x 882, 886 (6th Cir. 2011) (holding that the district court did not clearly err in denying credit for acceptance of responsibility where the defendant sought to downplay his culpability, claimed that he pleaded guilty to benefit his friends, and said that he pleaded guilty because he felt he would not receive a fair trial); *Bacon*, 617 F.3d at 459 (holding that the defendant's equivocation at sentencing and his statements in his post-plea letter repeating falsehoods and blaming others justified the district court's denial of a reduction for acceptance of responsibility).

We further conclude that the district court adequately explained its basis for denying Marlin a reduction for acceptance of responsibility. Fed. R. Crim. P. 32(i)(3)(B). The district court did "not merely summarily adopt the factual findings in the presentence report or simply declare that the facts are supported by a preponderance of the evidence." *United States v. White*, 492 F.3d 380, 415 (6th Cir. 2007) (internal quotation marks omitted). Instead, the district court engaged in an extended colloquy with Marlin, heard from counsel, and concluded in light of the statements that Marlin made to the probation officer, in his letter, and during sentencing that Marlin was only accepting responsibility for a portion of the conduct he admitted in the plea agreement. *See United States v. Keeler*, 285 F. App'x 262, 268 (6th Cir. 2008) (concluding that the district court's ruling, though brief, demonstrated compliance with Rule 32(i)(3)(B) "because it show[ed] that the district court actually found facts by at least a preponderance of the evidence rather than blindly embracing the presentence report").

7

### *No. 12-3604–*Travon Williams

Williams's presentence report determined a base offense level of 24, but recommended an increase to offense level 32 based on Williams's status as a career offender. The presentence report based the career offender determination on Williams's two prior Ohio convictions for felonious assault, his prior Ohio conviction for failure to comply with the order or signal of a police officer, and his prior federal drug-trafficking conviction. After applying a three-level reduction for acceptance of responsibility, Williams's total offense level was 29. Based on a criminal history category of IV, Williams's guidelines range was 151 to 188 months. Williams objected to his classification as a career offender, as well as to the presentence calculation of his criminal history points. Williams also argued for a downward variance based on various sentencing factors and his belief that the guidelines range overrepresented his criminal history. The district court overruled Williams's objections and found him to be a career offender. Declining to vary from the guidelines range, the district court sentenced Williams to 151 months incarceration, followed by three years of supervised release.[2]

Williams challenges the substantive reasonableness of his sentence. We review the substantive reasonableness of Williams's sentence for an abuse of discretion. *United States v. Richards*, 659 F.3d 527, 549 (6th Cir. 2011). "District courts enjoy discretion in sentencing based on their ring-side perspective on the sentencing hearing and their experience over time in sentencing other individuals." *United States v. Guthrie*, 557 F.3d 243, 256 (6th Cir. 2009) (internal quotation marks and alteration omitted). A sentence within the guidelines is presumptively reasonable. *United*

---

[2]The district court also sentenced Williams to 21 months imprisonment, with fifteen months to be served concurrently with the 151-month sentence, because Williams was on supervised release at the time he committed the instant offense, resulting in a supervised release violation.

*States v. Mosley*, 635 F.3d 859, 865 (6th Cir. 2011). An argument that the district judge incorrectly weighed particular sentencing factors is not a basis for appellate review. *United States v. Houston*, 529 F.3d 743, 756 (6th Cir. 2008).

At the sentencing hearing, Williams presented three affidavits to support his contention that his prior felony convictions for felonious assault and failure to comply with the order or signal of a police officer were not qualifying predicate offenses for purposes of career offender status. The district court correctly determined, and Williams's counsel conceded, that the affidavits were not the type of evidence that the court was permitted to consider in determining Williams's career offender status. Williams argues that the district court erred in failing to consider the affidavits as the affidavits may relate to other aspects of sentencing. We find nothing in the record to suggest that the district court rejected the affidavits for all purposes. Williams's counsel specifically requested the district court to consider the affidavits in connection with his variance argument, and there is no indication that the district court ignored them. Moreover, in imposing a sentence at the low end of the guidelines range, the district court noted that it had considered Williams's individual circumstances, including his four prior felony convictions and his "troubling" pattern of illegal conduct even while on supervised release for a prior federal drug-trafficking conviction.

Williams also contends that his sentence is unreasonable because his career offender status overstates his criminal history, in that his three state felony convictions all occurred during a short twelve-month period akin to a brief "crime spree." We disagree. In considering Williams's criminal history, the district court noted that the three state convictions were separate offenses because there were intervening arrests for each offense. Moreover, the district court considered not only that Williams had twice the number of predicate offenses required for career offender status, but also

Williams's disregard for the law even as a teenager, his failure to benefit from his prior federal sentence   as evidenced by his participation in a drug conspiracy only a few months after his supervised release status began   and his flight to another state after learning of the indictment. Accordingly, Williams has failed to rebut the presumption that his within-guidelines sentence was reasonable.

**AFFIRMED**.