NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 18a0306n.06

No. 17-6131

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 19, 2018
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| KIUNTE JOHNSON, | ) | DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: MOORE, KETHLEDGE, and STRANCH, Circuit Judges.

KETHLEDGE, Circuit Judge. Kiunte Johnson pled guilty to being a felon in possession of a firearm and ammunition. He appeals his sentence, arguing that the district court miscalculated his Sentencing Guidelines range by erroneously crediting an (allegedly) unreliable witness. We affirm.

In February 2016, a man robbed Nicola Gray at gunpoint. According to Gray, the robber followed her to her car as she was leaving a Memphis gas station, brandished his gun, demanded her money, and took her purse, which contained $9,800. [R. 73 PID at 177-87.] When Gray chased after him, he shot at her and missed. [*Id.*] She chased him in a car and memorized his license plate. Then she called the police, gave his plate number, and identified Johnson by his photograph the next day. [*Id.* at PID 184-87, 221-22.] Investigators later tested a shell casing found at the gas station and determined that it had come from Johnson's gun. [*Id.* at 223.] Federal prosecutors thereafter charged Johnson with being a felon in possession of a firearm and

ammunition. *See* 18 U.S.C. § 922(g). Johnson pled guilty to those charges, admitting among other things that he possessed the shell casing found at the scene of the robbery.

The district court later conducted a sentencing hearing at which Gray testified. She described the robbery and again identified Johnson as the robber, stating that she "could never forget that face." [R.73 at PID 187.] Gray also admitted that she uses illegal drugs, had worked as a prostitute, and was facing state charges for conduct unrelated to this case. [*Id*. at 184-87; 221-22.] Johnson did not testify, but his attorney suggested that Gray had previously stolen $9,800 from Johnson and that the incident "was reclamation of th[at] amount." [*Id.* at 196.]

The district court found Gray credible and concluded—based on her testimony and the shell casing—that Johnson had used the gun to rob her. Under the Sentencing Guidelines, if a defendant convicted under § 922(g) uses the firearm "in connection with the commission . . . of another offense," the district court must increase his Guidelines range to the range associated with attempt, solicitation, or conspiracy in respect to the connected offense. *See* U.S.S.G. § 2K2.1(c)(1)(A). The Guidelines cross referenced the range for robbery, which the court applied. [*Id*. at 262-64.] The court also found that Johnson had failed to accept responsibility for the robbery, and therefore denied him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). [R. 73 at PID267-70.] The court sentenced Johnson to 120 months' imprisonment, the bottom of his Guidelines range and the statutory maximum for a felon-in-possession charge. *See* 18 U.S.C. § 924(a)(2). [R.73 at 304.]

We review for clear error the district court's finding that Johnson used his gun to rob Gray, giving its credibility determination "great deference." *See United States v. Rios*, 830 F.3d 403, 435-37 (6th Cir. 2016) (citation omitted). Witness testimony (if credible) is typically enough to support a court's factual finding. *See United States v. Jeross*, 521 F.3d 562, 570-71 (6th Cir. 2008).

Here, Gray's testimony was consistent with her original statement to police; she candidly admitted unflattering details about herself; and Johnson offered no evidence that contradicted Gray's testimony or otherwise supported his theory that he was reclaiming money Gray had previously stolen from him. Moreover, Johnson admitted he possessed the spent shell casing found at the gas station that day. The record thus supports the district court's finding.

Johnson contends that Gray was unreliable because she used drugs, was facing state charges, and (according to Johnson) could not explain why she had $9,800 in cash on her that day. But Gray testified that she was not high during the robbery or when she later reported it to police (indeed she had no money to buy drugs then). Gray also testified that she was sober during Johnson's sentencing hearing. Nor did Gray's pending state charges affect her credibility, because the charges were unrelated to the robbery and the government offered her nothing in exchange for her testimony. [R.73 at 195-98.] As to the money, Gray explained that her "sugar daddy" had given her $13,000 a few days earlier, that she had spent some of the money on shoes and clothes, and that she kept the rest on her person because she did not trust her housemates. [*Id*. at 203-05, 208-09.] Johnson offers nothing to rebut these explanations. Johnson therefore has not shown that the district court clearly erred in relying on Gray's testimony to find that he used the gun to rob Gray.

Johnson also argues that the district court should have reduced his Guidelines' offense level for acceptance of responsibility. A defendant is ineligible for that reduction if he "falsely denies, or frivolously contests, relevant conduct that the court determines to be true[.]" *See United States v. Bacon*, 617 F.3d 452, 458 (6th Cir. 2010) (citation omitted). Here, Johnson denied that he robbed Gray—conduct that was relevant to his sentence, the district court found in fact occurred,

and Johnson "must have known . . . was wrong when he did it." *Id*. at 459. Hence the court

correctly found that he was ineligible for the reduction.

The district court's judgment is affirmed.